JORDAN, Circuit Judge,
concurring.
In my view, the constitutional right to freedom of intimate association, whether seen as a pure or hybrid First Amendment right, see Roberts v. United States Jaycees, 468 U.S. 609, 618-20, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984), protects a public employee from adverse treatment based on the speech of a close relative or family member. See Adler v. Pataki, 185 F.3d 35, 41-45 (2nd Cir. 1999); Adkins v. Bd. of Education, 982 F.2d 952, 955-56 (6th Cir. *1215 1993); Lewis v. Eufaula City Bd. of Education, 922 F.Supp.2d 1291, 1302-03 (M.D. Ala. 2012). See also Collin O’Connor Udell, Intimate Association: Resurrecting a Hybrid Right, 7 Tex. J. Women & Law 231, 284-85 (1998). Nevertheless, I concur in the court’s opinion and qualified immunity-analysis because no cases from the Supreme Court, the Eleventh Circuit, or the Alabama Supreme Court have so far come to that conclusion.